# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITEDHEALTHCARE SERVICES, INC. et al. | § § § § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-0243-S |
| NEXT HEALTH, LLC et al. | § § § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses UnitedHealthcare Services, Inc., UnitedHealthcare Insurance Company, and UnitedHealth Group, Inc.'s (collectively "United") Motion to Dismiss First Amended Counterclaim or for More Definite Statement [ECF No. 194]. For the reasons set forth below, the Court denies United's Motion to Dismiss and grants United's Motion for More Definite Statement.

### I. BACKGROUND

Pursuant to Special Order 3-318, this case was transferred from the docket of Chief Judge Barbara M.G. Lynn to the docket of this Court on March 8, 2018.

Because this case is the subject of a prior memorandum opinion and order, the Court will recount only the background facts and procedural history that are necessary to understand today's decision. *UnitedHealthcare Servs., Inc. v. Next Health, LLC*, Civ. A. No. 3:17-CV-0243-S, 2018 WL 3520429 (N.D. Tex. July 20, 2018). United initiated this lawsuit on January 26, 2017. United is a provider of health care insurance, administration, and/or benefits pursuant to a variety of health care benefit plans and insurance policies. Compl. ¶ 21. Many of United's private employer-sponsored plans are governed by the Employee Retirement Income Security Act of 1974

("ERISA"). *Id.* ¶ 24. United uses a two-tier provider system for its plans, which allows members to obtain healthcare services from network or out-of-network ("OON") providers. *Id.* ¶ 33. OON providers do not enter into any agreement with United, and they generally bill members at the rates they set. *Id.* ¶ 35. United's plans typically require members to contribute to the costs of care by OON providers. *Id.* ¶ 36.

United alleges that American Laboratories Group, LLC, Medicus Laboratories, LLC, United Toxicology, LLC, U.S. Toxicology, LLC, and Next Health, LLC (collectively, "Entity Defendants") have defrauded United in connection with their provision of OON testing services to United members. *See, e.g., id.* ¶ 83.

The Entity Defendants filed counterclaims on November 15, 2017, asserting four ERISA-based causes of action against United. The Entity Defendants seek: (1) penalties for United's alleged failure to provide requested plan documents; (2) a remand of all claims it has submitted to United since 2011 for a full and fair review; (3) declaratory and injunctive relief as well as economic damages for an alleged breach of fiduciary duty; and (4) to recover benefits under 29 U.S.C. § 1132(a).

United moved to dismiss the counterclaims or, in the alternative, for a more definite statement. *See* ECF No. 93. On July 20, 2018, the Court denied United's Motion to Dismiss but granted United's Motion for a More Definite Statement. *UnitedHealthcare Servs.*, 2018 WL 3520429, at *7. Specifically, the Court ordered the Entity Defendants to (1) "amend their claim spreadsheets" and "[f]or each claim, . . . identify the member who assigned their benefits and the plan or policy number under which such benefits arose"; (2) "provide representative plan terms"; and (3) for non-benefits claims, "identify which member assignments were in effect during which time period and . . . include the specific language of each assignment identified." *Id.*

On August 1, 2018, the Entity Defendants filed their First Amended Counterclaims. *See* ECF No. 183. Alleging that the First Amended Counterclaims do not comply with the Court's order to provide a more definite statement, United asks the Court either to dismiss the Entity Defendants' First Amended Counterclaims or to renew its order requiring a more definite statement.

## II.   ANALYSIS

When a party makes an effort to comply with an order granting a motion for a more definite statement, "the insufficiency of the effort does not justify automatic dismissal of the action. . . . The draconian remedy of dismissal of the action should be invoked only as a last resort . . . ." *Pardee v. Moses*, 605 F.2d 865, 866 (5th Cir. 1979) (quoting *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 798-99 (3d Cir. 1967)). Because the Court finds that the Entity Defendants made an effort to comply with portions of the Court's prior order, the Court denies United's Motion to Dismiss.

Although the Entity Defendants made an effort to comply with the Court's prior order, the First Amended Counterclaims are still "insufficiently definite." *Bowers v. Crystal Valley, R.V.*, No. 95-C-7527, 1996 WL 169415, at *1 (N.D. Ill. Apr. 9, 1996) (citation and internal quotation marks omitted). Therefore, the Court renews its order that the Entity Defendants replead more information in support of their claims.

First, the Court renews its order that the Entity Defendants amend the claim spreadsheets to include member names and plan or policy numbers for each claim listed on the spreadsheets. The Entity Defendants claim that they "have produced the claim file for each of the 60,000 claims on which their ERISA claims are based." Resp. 6. According to United, this production came in the form of a flash drive including every file for every claim submitted to United from 2015 to

3

2017. Mot. to Dismiss 6. In their Response, the Entity Defendants do not contest that allegation or argue that they have amended their claim spreadsheets. The Court specifically ordered the Entity Defendants to amend their claim spreadsheets to include member names and plan or policy numbers. The Court finds that production via flash drive is insufficient to comply with that order. Therefore, the Court again orders the Entity Defendants to amend their claim spreadsheets. For each claim, the Court orders the Entity Defendants to identify the member who assigned their benefits and the plan or policy number under which such benefits arose.

Second, the Entity Defendants must provide representative plan terms. *See Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 729 (5th Cir. 2018) ("Alleging improper reimbursement based on representative plan provisions . . . may be sufficient to show plausibility under *Twombly* and *Iqbal* . . . ."). Contrary to the Entity Defendants' argument in their Response, the Court did not order them to state "specific plan terms breached for each of the 60,000 claims at issue." Resp. 5. Consistent with *Innova*, the Court ordered the Entity Defendants to provide "representative plan provisions." 892 F.3d at 729. The Court renews its order that the Entity Defendants provide representative plan terms or provisions.

Third, the Court renews its order that, for non-benefits claims, the Entity Defendants must (1) identify which member assignments were in effect during which time period and (2) include the specific language of each assignment identified. It appears to the Court that the Entity Defendants have conceded that certain assignments did not include language that would give the Entity Defendants standing to assert non-benefits claims. *See, e.g.*, Resp. ¶ 24 (arguing only that

4

language first used in May of 2016 provides Entity Defendants with standing to assert non-benefits claims).

The Court recognizes that the Entity Defendants have pleaded that all assignments between May 17, 2016, and February 14, 2017, included identical patient authorization language, which is included in the First Amended Counterclaims. *See* Am. Countercl. ¶¶ 55-57. To the extent that the Entity Defendants intend to argue that they have standing to assert non-benefits claims arising prior to May 17, 2016, or after February 14, 2017, the Court renews its order that the Entity Defendants clarify which member assignments were in effect during which time period and include the specific language of each assignment identified.

## IV. CONCLUSION

For the foregoing reasons, the Court denies United's Motion to Dismiss and grants United's Motion for a More Definite Statement. The Entity Defendants must file amended pleadings by April 30, 2019.

**SO ORDERED.**

SIGNED March 29, 2019.

/s/ Karen Gren Scholer
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**