IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED HEALTHCARE SERVICES INC. and UNITEDHEALTHCARE INSURANCE COMPANY,** | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:21-CV-1547-L-BT** |
| **JEREMY ROSSEL; AMIR MORTAZAVI; CARY ROSSEL; ARVIN ZEINALI; YAN NAROSOV; and SEMYON NAROSOV,** | § § § § § § | |
| Defendants. | § | |

## ORDER

On July 23, 2024, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 752) was entered, recommending that the court grant in part Defendants Cary Rossel and Jeremy Rossel's (the "Rossel Defendants") Motion for Summary Judgment (Doc. 679) to the extent that Plaintiffs' claims for fraud by nondisclosure and for alleged violations of the Texas Uniform Fraudulent Transfer Act ("TUFTA") be dismissed with prejudice; and deny Plaintiffs UnitedHealthcare Services, Inc. and UnitedHealthcare Insurance Company's Motion for Partial Summary Judgment Against Defendants Amir Mortazavi and Arvin Zeinali (Doc. 681).

No objections were filed regarding the magistrate judge's recommended denial of Plaintiffs' Motion for Partial Summary Judgment. On August 6, 2024, however, Plaintiffs filed their "Limited Objection" to the Report's recommendation that Defendants' Motion for Summary Judgment should be granted to the extent that the court should dismiss Plaintiffs' fraud by nondisclosure claim. Regarding this claim, the magistrate judge determined that Plaintiffs failed

to raise a genuine dispute of material fact regarding their fraud by nondisclosure claim based on the following reasoning:

> With respect to fraud by nondisclosure, the Rossel Defendants attack each element. Rossel Defs.' Summ. J. Br. 26-27. Here, even viewing the evidence in the light most favorable to Plaintiffs, Plaintiffs have failed to present evidence sufficient to raise a genuine dispute of material fact as to each element of their fraud by nondisclosure claim.
>
> To establish a claim for fraud by nondisclosure, Plaintiffs must show:
>
>> (1) the defendant deliberately failed to disclose material facts; (2) the defendant had a duty to disclose such facts to the plaintiff; (3) the plaintiff was ignorant of the facts and did not have an equal opportunity to discover them; (4) the defendant intended the plaintiff to act or refrain from acting based on the nondisclosure; and (5) the plaintiff relied on the non-disclosure, which resulted in injury.
>
> *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 219-20 (Tex. 2019).
>
> "As a general rule, a failure to disclose information does not constitute fraud unless there is a duty to disclose the information. Thus, silence may be equivalent to a false representation only when the particular circumstances impose a duty on the party to speak and he deliberately remains silent." *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001) (citation omitted). "[T]he existence of a duty to disclose is a question of law that must be decided by the court, not by the jury." *Mercedes-Benz USA, LLC v. Carduco, Inc.*, 583 S.W.3d 553, 562 (Tex. 2019), *reh'g denied* (Oct. 18, 2019). A duty to disclose arises in four circumstances:
>
>> (1) there was a fiduciary or other special relationship requiring disclosure, (2) the defendant discovered new information that made an earlier representation misleading or untrue, (3) the defendant created a false impression by making a partial disclosure, or (4) the defendant voluntarily disclosed some information and therefore had a duty to disclose the whole truth.
>
> *Guevara v. Lackner*, 447 S.W.3d 566, 578 (Tex. App.—Corpus Christi–Edinburg 2014, no pet.).
>
> In their response brief, Plaintiffs argue that the Rossel Defendants "failed to disclose that the claims they caused to be submitted to UHC were the result of lab and pharmacy-based kickback schemes they administered, which were designed to pay physicians in exchange for their referral of lab specimens and ordering

> pharmacy prescriptions." Pls.' Summ. J. Resp. Br. 39. Plaintiffs assert that Defendants had a duty to disclose these facts but fail to cite to any evidence in support of this position. Even assuming the existence of a duty to disclose, in their response, Plaintiffs also fail to cite to evidence showing that Defendants "knew that plaintiff was ignorant of or did not have the opportunity to discover" the material facts allegedly not disclosed. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008). Other than mentioning this element in conclusory fashion, Plaintiffs do not address it in their response brief. *See* Pls.' Summ. J. Resp. Br. 38-39. Plaintiffs rely on the pre-severance memorandum opinion regarding a motion to dismiss on the pleadings to bolster their fraud by nondisclosure claim. *See* Pls.' Summ. J. Resp. Br. 39. But motions to dismiss and motions for summary judgment "are governed by different legal standards[;]" *Lexxus Int'l, Inc. v. Loghry*, 512 F. Supp. 2d 647, 649 (N.D. Tex. 2007) (Lindsay, J.), the former relying entirely on the face of the complaint and the latter weighing the evidence. *See Doe v. Univ. of N. Texas Health Sci. Ctr.*, 2023 WL 5200666, at *2 (N.D. Tex. Aug. 14, 2023) (O'Connor, J.) ("[A] Rule 12(b)(6) . . . motion only entails an examination of the sufficiency of the pleadings. In contrast, a summary-judgment motion typically is based on the pleadings as well as any affidavits, depositions, and other forms of evidence relevant to the merits of the challenged claim or defense that are available at the time the motion is made.") (citation omitted).
>
> For these reasons, Plaintiffs have failed to raise a genuine dispute of material fact with respect to each element of their fraud by nondisclosure claim and, therefore, the District Judge should grant the Rossel Defendants' no-evidence motion for summary judgment on this claim.

Report 49-52.

Plaintiffs object to the magistrate judge's determination that they failed to raise a genuine dispute of material fact regarding the second element (legal duty to disclose) and the third element (Plaintiffs' ignorance of the fact of nondisclosure), as well as the related determination that "even assuming the existence of a duty to disclose, . . . Plaintiffs also fail to cite to evidence showing that Defendants 'knew that plaintiff was ignorant of or did not have the opportunity to discover' the material facts allegedly not disclosed." Obj. 3 (quoting Report 51) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008)). Plaintiffs assert that there is sufficient circumstantial evidence to infer actual knowledge of ignorance.

**Order – Page 3**

Regarding the duty to disclose element, Plaintiffs acknowledge the distinction between the legal standards applicable to motions to dismiss and motions for summary judgment. They, nevertheless, contend that consideration of United States District Judge Ada Brown's prior order denying a motion to dismiss this claim is sufficient to establish, as a matter of law, the existence of a legal duty to disclose:

> [T]he Recommendation . . . notes that whether there is a duty to disclose is a legal question. (Recommendation at 50.) So, although [Judge Brown's] analysis in confronting the Rossels' motion to dismiss was guided by the adequacy of the allegations then before the [c]ourt, and the [undersigned's] analysis here must be based on the supported *facts* taken in the light most favorable to UHC, the analysis earlier provided by [Judge Brown] at the motion to dismiss stage is equally valuable on a record with supported facts. The nature of the relationship between UHC and the Rossels hasn't changed. If what was previously alleged has now been factually supported, the [undersigned] should find, as a matter of law, the existence of a legal duty to disclose.

Pls.' Obj. 7-8.

On August 20, 2024, Defendants filed a response in opposition to Plaintiffs' Limited Objection (Doc. 754), to which Plaintiffs filed a reply on September 3, 2024 (Doc. 755). For the reasons that follow, the court **overrules** Plaintiffs' objections.

As a preliminary matter, the court has made abundantly clear in every order of reference in this case, including the Standing Order of Reference referring this case to the magistrate judge for pretrial management (Doc. 672), that it does not allow parties to file reply briefs to the magistrate judge's orders or findings and recommendations absent leave of court, which was not sought or granted here. The court further warned that any reply filed without leave of court in violation of the court's order would be stricken or disregarded. Accordingly, the court **strikes** Plaintiffs' reply brief (Doc. 755) and does not consider it in ruling on Plaintiffs' objections.

The court also agrees with the magistrate judge's determination that Plaintiffs failed to raise a genuine dispute of material fact regarding the existence of a legal duty. Plaintiffs' inclusion

Order – Page 4

of factual allegations in their pleadings may be sufficient at the motion to dismiss stage, but such allegations are insufficient to satisfy Plaintiffs' burden at the summary judgment stage of coming forward with *evidence* to raise a genuine dispute of material fact. Likewise, while the determination of whether a legal duty exists is generally a legal question for the court to decide, any such determination must be based on application of applicable law to the facts of the case, which at the summary judgment stage turns on consideration of *evidence* of facts. Thus, in relying solely on Judge Brown's order denying a motion to dismiss this claim in light of the allegations in Plaintiffs' pleadings, the magistrate judge correctly determined that Plaintiffs failed to meet their summary judgment burden of coming forward with *evidence* as needed to raise a genuine dispute of material fact regarding this second element of their fraud by nondisclosure claim.

As Plaintiffs have failed to raise a genuine dispute regarding the second element of their fraud by nondisclosure claims, the court need not address and declines to address their contention that their evidence was sufficient to raise a genuine dispute of material fact regarding the third element—Plaintiffs' ignorance of the fact of nondisclosure—except to note the briefing deficiencies in Plaintiffs' summary judgment response and objections. Specifically, the argument portion of Plaintiffs' summary judgment response that addresses this element of their fraud by nondisclosure claim does not reference any evidence, either by citing to earlier paragraphs of Plaintiffs' summary judgment response or by citing directly to the evidence in Plaintiffs' summary judgment appendix. *See* Pls.' Summ. J. Resp. Br. 40-41. It is not incumbent on the undersigned or the magistrate judge to "scour the record" in search of evidence that may support either side's summary judgment arguments; nor is it incumbent on the undersigned or the magistrate judge to determine which of the approximately 1,000 pages of evidence included in Plaintiffs' appendix and referenced in other portions of their 58-page summary judgment response supports or pertains


to the arguments made by them regarding this or other elements of their fraud by nondisclosure claim. *See Wease v. Ocwen Loan Serv., L.L.C.*, 915 F.3d 987, 996-97 (5th Cir. 2019) ("It is not [the court's] function to scour the record in search of evidence to defeat a motion for summary judgment; we rely on the nonmoving party to identify with reasonable particularity the evidence upon which [it] relies.") (citation omitted); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ( "Judges are not like pigs, hunting for truffles buried in briefs.") (citation omitted).

Additionally, for the first time in their objections, Plaintiffs cite to specific paragraphs of their 58-page summary judgment response that in turn reference their summary judgment evidence. Such citations to the record and Plaintiffs' evidence, however, should have been provided to the magistrate judge in the first instance for the reasons stated above. In support of their objections, Plaintiffs also attached 40 pages of documents as a single exhibit to the objections. The 40-page appendix, however, is not sequentially numbered as required by this district's Local Civil Rules, and other than stating in a footnote in their objections that these documents rebut the Rossel Defendants' argument that Plaintiffs relied on unsworn testimony, Plaintiffs do not cite to this evidence in their objections or explain how this evidence is relevant to their objections to the Report. Thus, the relevance of this evidence to Plaintiffs' objections to the Report is not readily apparent.

Accordingly, having considered the parties' Motions for Summary Judgment, briefs, the file, record in this case, and Report, and having conduct a de novo review of that portion of the Report to which objection was made by Plaintiffs, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Plaintiffs' objections to the Report; **denies** Plaintiffs UnitedHealthcare Services, Inc. and UnitedHealthcare Insurance Company's Motion for Partial Summary Judgment

Against Defendants Amir Mortazavi and Arvin Zeinali (Doc. 681); and **grants in part** Defendants Cary Rossel and Jeremy Rossel's Motion for Summary Judgment (Doc. 679) to the extent that Plaintiffs' claims for fraud by nondisclosure and for alleged violations of TUFTA are **dismissed with prejudice**.  Further, the court **directs** the clerk of court to make a notation on the docket sheet reflecting that Plaintiffs' reply brief (Doc. 755) has been "STRICKEN" pursuant to this order.

It is so ordered this 27th day of September, 2024.

Sam A. Lindsay
United States District Judge