IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED HEALTHCARE SERVICES INC. and UNITEDHEALTHCARE INSURANCE COMPANY,** | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:21-CV-1547-L-BT** |
| **CARY ROSSEL, *et al*.,** | § § § | |
| Defendants. | § | |

**ORDER**

On October 8, 2024, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 758) was entered, recommending that the court grant in part and deny in part the Application for Attorneys' Fees Concerning Motion for Sanctions Against Cary Rossel for Spoliation (the "Fee Application") (Doc. 736), filed by Plaintiffs UnitedHealthcare Services, Inc. and UnitedHealthcare Insurance Company ("Plaintiffs" or "United"). For the reasons herein explained, the court **accepts as modified** the Report.

**I.     The Parties' Responses to the Report**

Defendant Cary Rossel filed objections (Doc. 763) to the Report on October 22, 2024. Although the magistrate judge reduced the amount of attorney's sought by Plaintiffs from $55,463 to $53,442 to address billing errors that he brought to the magistrate judge's attention, Cary Rossel continues to argue that Plaintiffs are not entitled to recover any attorney's fees because they did not actually succeed on their motion for sanctions against him. In this regard, he asserts that Plaintiffs only sought case-ending sanctions against him with respect to three categories of information (LabDaq, LightSpar, and Computer Rx) under Federal Rule of Civil Procedure

37(b)(2), but the magistrate judge determined that Plaintiffs had not met their burden for imposition of case-ending sanctions and, instead, concluded that they were only entitled, pursuant to Rule 37(e), to recover attorney's fees as a sanction and an instruction informing the ultimate fact finders that they may consider evidence of his discovery failures in reaching any merits based conclusions pertaining to two of the three categories of information at issue—LabDaq and LightSpar information, but not Computer Rx information. Alternatively, Cary Rossel argues that any attorney's fees awarded to Plaintiffs should be further reduced.

      Cary Rossel asserts that further reductions are justified because the total hours billed by Plaintiffs' counsel are excessive in that the arguments urged by Plaintiffs in seeking sanctions against him are substantially similar to those Plaintiffs previously made in connection with a prior sanctions motion against Next Health in the related litigation. Thus, according to Cary Rossel, Plaintiffs are improperly seeking compensation now for merely "edited arguments," the majority of which are based on work previously done in the Next Health litigation and for which Plaintiffs have already compensated. Cary Rossel similarly contends that Plaintiffs' billing records contain excessive and duplicative hours because of overstaffing and reflect a lack of billing judgment. He further contends that Plaintiffs are improperly seeking compensation for attorney's fees spent on unsuccessful sanctions arguments, even though the magistrate judge "<u>did not find</u> that: (a) case ending sanctions were warranted under a theory of collateral estoppel or under Rule 37(b) or 37(e); (b) [he] acted with intent to deprive Plaintiffs of relevant ESI or in bad faith; (c) the Computer Rx data was spoliated; or (d) any sanctions were warranted under Rule 37(b)." Doc. 763 at 1-2, 9-11. Finally, Cary Rossel objects to the magistrate judge's determination that the lodestar is $53,442.

      Plaintiffs do not object to the magistrate judge's recommended reduction to their attorney's fee award. In response to Cary Rossel's objections, they instead argue that, while the magistrate

Order – Page 2

judge denied their request for case-ending sanctions or any sanctions under Rule 37(b), the magistrate judge found that they were prejudiced by the loss of electronically stored information ("ESI") and imposed curative measures in accordance with Rule 37(e)(1), including the curative jury instruction and payment of attorney's fees incurred in bringing the sanctions motion against Cary Rossel. Plaintiffs further assert that Cary Rossel's objections are without merit, and they note that the arguments in his objections are not new contentions, as they were all presented to and rejected by the magistrate judge in a thoroughly written order. Plaintiffs, therefore, argue that the magistrate judge's findings are not clearly erroneous or contrary to law.

Regarding Cary Rossel's argument that their sanction motion was not successful or of limited success, Plaintiffs contend as follows:

> **C. United's sanctions motion was "successful."**
>
> Mr. Rossel's final substantive objection also concerns an argument he raised previously, but which Magistrate Judge Rutherford rejected outright. Specifically, he again argues that United should not be entitled to any fees because United did not ultimately obtain case-ending sanctions, meaning, in his view, that United's arguments in its motion for sanctions were "not successful." (Objection at 13-15.)
>
> > But, as United argued, and Magistrate Judge Rutherford agreed, Mr. Rossel's position reflects a "misunderstanding of Rule 37 and the stated rationale behind the Court's order" awarding fees. (Recommendation at 15.) As the Court explained, its recommendations that the jury consider Mr. Rossel's spoliation and that United be awarded attorneys' fees were
> >
> > > tailored to remedy the loss and Plaintiffs' prejudice without providing a windfall to Plaintiffs. The Court is mindful that this result is not what either party requested. After balancing the facts, law, and equities, however, the Court determines that neither Plaintiffs' request for case-ending sanctions nor Cary Rossel's request for no sanctions is appropriate. The sanctions imposed are tailored to Cary Rossel's spoliation while attempting to remedy the prejudice inflicted upon Plaintiffs.
>
> (Recommendation at 15 (quoting earlier Recommendation, Doc. 726, at 35).) The Order was, in the Court's estimation, an appropriate balancing of the equities,

> which included payment of attorneys' fees for the time it took United to raise Mr. Rossel's conduct to the Court's attention for a decision.
>
> That result comports with the observations made in the cases Mr. Rossel cites concerning the impact the "success" of the motion has on the Court's decision to limit a monetary award. *See, e.g., Verginia McC by Mr. & Mrs. McC v. Corrigan-Camden Indep. Sch. Dist.*, 909 F. Supp. 1023, 1032 (E.D. Tex. 1995) (noting that if a plaintiff obtained "limited" success, then the hours expended may be excessive but also noting that "there is no rule or formula for the court to follow in making these determinations"). And here, Magistrate Judge Rutherford's tailored recommendation that the jury consider the spoliation and that United receive monetary sanctions, but rejection of United's ask that Mr. Rossel's answer be stricken entirely, already limits the reward based on the motion's limited success.
>
> The Court may not have agreed entirely with the outcome United sought, but it did agree that Untied had brought serious spoliation to the Court's attention and that a monetary penalty and curative jury instruction, if not the entire penalty United sought, was warranted. The Court should adopt the recommendation.

Doc. 769 at 8-9.

## II. Discussion

Plaintiffs correctly note that, in addressing the parties' arguments as to whether further reductions to the attorney's fees sought by them should be made to reflect the success or nonsuccess of their sanctions motion against Cary Rossel, the magistrate judge agreed with the contention in their reply brief that this argument by Cary Rossel "reflects a misunderstanding of Rule 37 and the stated rationale behind the Court's order." Doc. 758 at 15. In addition to the above-quoted language relied on by Plaintiffs, the magistrate judge also noted the rationale relied on in her prior sanctions order: "The Court concluded that 'this is an appropriate measure that is no greater than necessary, under the circumstances, *to cure the prejudice that the Court has found that the loss of the LabDaq data and LightSpar recordings has caused Plaintiffs*.'" Report 16 (Doc. 758) (quoting Doc. 726 at 35) (emphasis added). Neither the magistrate judge's Report, the reply brief filed by Plaintiffs in support of their sanctions motion, nor Plaintiffs' response to Cary Rossel's objections, though, addresses Cary Rossel's specific contention that Plaintiffs' request

Order – Page 4

for attorney's fees should be reduced because they did not succeed on their argument regarding the loss of Computer Rx information, one of the three categories of information identified in Plaintiffs' sanctions motion.

In reviewing the heavily redacted billing records that Plaintiffs submitted in support of their Fee Application (Doc. 737-1), it is not readily apparent what portion of the time billed was devoted to the Computer Rx issues as opposed to the other two categories of information. To be consistent with the magistrate judge's justification and reasoning, however, that Plaintiffs' entitlement to recover attorney's fees is—an appropriate measure that is no greater than necessary, under the circumstances, *to cure the prejudice that the Court has found that the loss of the LabDaq data and LightSpar recordings has caused Plaintiffs*'—the court agrees with Cary Rossel that further reduction in some amount is warranted and appropriate. *See* Report 16 (Doc. 758) (quoting Doc. 726 at 35) (emphasis added).

As Plaintiffs' sanctions motion sought three categories of information, and they only prevailed with respect to two of the three categories, the court determines that a further reduction of 30% is appropriate and necessary for purposes of maintaining consistency with the magistrate judge's prior sanctions order and rulings, which the court recently affirmed by separate order. Such a reduction is also equitable under the circumstances in light of the overall extent of the success obtained by Plaintiffs (or lack of success) as a result of their sanctions motion against Cary Rossel. Accordingly, this particular objection by Cary Rossel is **sustained**, and Plaintiffs' award of reasonable attorney's fees will be reduced accordingly. His objections are **overruled in all other respects.**

**Order – Page 5**

### III. Conclusion

Having considered the Fee Application, the parties' briefs, the file, record in this case, the Report, and the parties' responses to the Report, and having conduct a de novo review of that portion of the Report to which objection was made by Cary Rossel, the court determines that the findings and conclusions of the magistrate judge are **correct as modified** by this order, and it **accepts them as modified** by this order. Accordingly, for the reasons explained, the court **sustains in part** Cary Rossel's objection to the Report to the extent indicated. His objections are **otherwise overruled.**

The court, therefore, **grants in part** Plaintiffs' Fee Application (Doc. 736) to the extent that the court determines that they are entitled to and shall recover **$39,409.40** in reasonable attorney's fees against Cary Rossel as a discovery sanction under Rule 37. The Fee Application is otherwise **denied**. By **May 1, 2025**, Cary Rossel shall pay this amount to Plaintiffs. *Cary Rossel's failure to comply with this order may result in the imposition of further sanctions against him, his counsel, or both in the form of additional monetary sanctions, striking of pleadings, and/or entry of default judgment.*

It is so ordered this 28th day of March, 2025.

Sam A. Lindsay
United States District Judge