IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED HEALTHCARE SERVICES, INC. and UNITED HEALTHCARE COMPANY, § § § § | | |
| Plaintiffs, § § | | |
| v. § § | Case No. 3:21-cv-1547-L-BT | |
| JEREMY ROSSEL, AMIR MORTAZAVI, CARY ROSSEL, ARVIN ZEINALI, YAN NAROSOV, and SEMYON NAROSOV, § § § § § § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This matter has been referred to the undersigned for pretrial management. ECF No. 672. Before the Court is Plaintiffs' Renewed Motion for Default Judgment Against Defendant Semyon Narosov, ECF No. 766. For the reasons stated below, the District Judge should **GRANT in part** the motion.

## Background

While the parties are familiar with the extensive factual and procedural history of this litigation, the Court recounts the following background facts to provide context for its ruling:

In January 2017, Plaintiffs sued Next Health LLC and several affiliated entities including laboratories (collectively, "Next Health") for a variety of claims related to an alleged multi-million-dollar healthcare fraud scheme. *See United*

*Healthcare Services, Inc., et al. v. Next Health, LLC, et al.*, 3:17-cv-00243 (N.D. Tex.) (hereinafter, the "*Next Health* case"), Compl., ECF No. 1. Succinctly stated, Plaintiffs alleged that Next Health defrauded them of over $100 million by submitting false and misleading claims seeking payment for lab tests and prescription medications, which Next Health accomplished through a network of shell companies and marketers that funneled kickbacks to doctor referral sources. *Id., passim*. Plaintiffs also alleged that Andrew Hillman and Semyon Narosov controlled Next Health, and that both had been indicted for their roles in laundering money derived from healthcare fraud. *Id.* ¶¶ 3, 7, 73.

In 2018, Andrew Hillman and Semyon Narosov pleaded guilty to using Next Health to launder money derived from healthcare fraud. *See generally* Plea Agreement, *U.S. v. Semyon Narosov, Andrew Hillman*, No. 3:18-CR-0475-JJZ, 2018 WL 11193541, ECF Nos. 8, 9 (N.D. Tex. Sept. 24, 2018). More specifically, Semyon Narosov admitted he had fraudulently caused claims to be submitted for prescriptions that were induced by kickbacks, prescriptions that were medically unnecessary, prescriptions filled with misbranded and non-FDA-approved drugs, and prescriptions for which no copays had been collected. *See* Pls.' App. in Support of Renewed Mot. Default J., ECF No. 766-1 at 4-10 (Factual Resume).

In 2019, Plaintiffs filed their First Amended Complaint in the *Next Health* case, adding numerous individual defendants, including Mike Austin, Nick Austin, Josh Daniel, Josh Ihde, Cary Rossel, Jeremy Rossel, Yan Narosov, Arvin Zeinali and Amir Mortazavi (the "Executive Defendants"), as well as Andrew Hillman and

Semyon Narosov, multiple pharmacies, and Pioneer Laboratories, LLC. *Next Health*, 3:17-cv-00243, First Am. Compl. ¶¶ 29-30, 31-33, 35-40, 43, ECF No. 348.

Semyon Narosov never answered or otherwise respond to the First Amended Complaint. After the clerk entered default, *see* ECF No. 484, Plaintiffs filed a motion for default judgment. *See* ECF No. 499. Subsequently, upon Semyon Narosov's motion, the Court set aside the default and denied Plaintiffs' motion for default judgment. *See* Order, ECF No. 556.

In 2021, Plaintiffs filed their Second Amended Complaint in the *Next Health* case, in which they alleged that the Executive Defendants and Semyon Narosov owned and operated Next Health and affiliated entities and used them to engineer and execute a complex scheme to defraud health plans by submitting claims with false, misleading, and/or incomplete information to Plaintiffs, which were intended to trick Plaintiffs into paying exorbitant amounts for laboratory testing services and pharmaceutical products. *Next Health*, 3:17-cv-00243, Sec. Am. Compl., *passim*, ECF No. 584. With respect to the Executive Defendants and Semyon Narosov, Plaintiffs asserted claims for fraud and fraudulent nondisclosure (Count 1); conspiracy to commit fraud (Count 2); fraudulent transfers (Count 11); and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) (Count 12). *See* Second Am. Compl., ECF No. 584.

On April 16, 2021, rather than file an answer or otherwise respond to the Second Amended Complaint, Semyon Narosov filed a "[n]otice that he will not contest liability and will only contest damages." *See* Notice, ECF No. 608. In the

Notice, he explained that his decision to not defend was based on three circumstances: (1) his conviction and the terms of his plea agreement, including the sworn statements he made in connection with his plea agreement, effectively precluded him from contesting liability; (2) any statements he would make in the future during this case might be used against him in subsequent criminal prosecutions; and (3) he had limited financial resources to pay for a defense. *See id*. Semyon Narosov never filed any pleading in response to the Second Amended Complaint.

In July 2021, presiding United States District Judge Ada Brown severed Plaintiffs' claims against the Executive Defendants and Semyon Narosov from the *Next Health* case, giving rise to the instant lawsuit. *Next Health*, 3:17-cv-00243, Order, ECF No. 613.

In May 2022, Judge Brown recused herself from the *Next Health* case, as well as this severed case against the Executive Defendants and Semyon Narosov. The *Next Health* case was reassigned to United States District Judge Brantley Starr. *See Next Health*, No. 3:17-cv-00243, ECF No. 683.[1] The severed case against the Executive Defendants and Semyon Narosov was reassigned to United States District Judge Sam A. Lindsay. *See* ECF No. 621.[2]

---

[1] The *Next Health* case resolved with several summary and/or default judgments as to the remaining defendants. *See Next Health*, No. 3:17-cv-00243, ECF No. 750.
[2] The operative pleadings in the *Next Health* case became the operative pleadings in this case.

On March 20, 2023, the Court granted Semyon Narosov's attorney's motion to withdraw. *See* Order, ECF No. 633. On October 17, 2024, at Plaintiffs' request, the Clerk entered default against Semyon Narosov. *See* Entry of Default, ECF No. 760. On November 6, 2024, Plaintiffs filed their renewed motion requesting that the Court enter default judgment against Semyon Narosov under Federal Rule of Civil Procedure 55(b)(2). *See* Pls.' Renewed Mot. Default J., ECF No. 766.

**Legal Standards**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a) (noting default occurs where the defendant "has failed to plead or otherwise defend" against the complaint). Second, the Clerk may enter a defendant's default if it is "established by affidavit or otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default and the plaintiff's claim is not "for a sum certain or a sum that can be made certain by computation," the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b) (1-2).

"[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Rather, courts retain ultimate discretion to grant or deny default

5

judgments. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). To determine whether to enter default judgment, the Court conducts a two-part analysis.

First, courts ask if default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893. Under *Lindsey*, the Court may consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) default judgment would be too harsh; and (6) the court would be obliged to set aside the default upon motion from the defendant. *Id.*

Second, if default is procedurally warranted under *Lindsey*, courts analyze the substantive merits of the plaintiff's claims and ask if the pleadings establish a sufficient basis for default judgment. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," *id.*, but the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co.*, 515 F.2d at 1206).

A default judgment may not be entered against an infant or incompetent person unless represented in the action by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b)(2). Likewise, a default judgment may not be entered against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 3931.

While the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments," this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process . . . largely within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). But default judgment remains "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted).

## Analysis

### A. Entry of Default

Summons was returned executed as to Semyon Narosov and the return of service reflects that he was served in accordance with Federal Rule of Civil Procedure 4. *See* ECF No. 439. Thereafter, Plaintiffs filed their Second Amended Complaint and Semyon Narosov did not file an answer or otherwise respond. At Plaintiffs' request, the clerk of court, therefore, entered a default against Defendant Semyon Narosov with respect to Plaintiffs' Second Amended Complaint on October 17, 2024. ECF No. 760. Accordingly, the prerequisite that the clerk enter default has been satisfied.

## B. Fitness of Defendant Semyon Narosov as a Defaulting Party

In addition, Plaintiffs must establish, and the Court must confirm, that Defendant Semyon Narosov is not an infant, incompetent person, or person in military service exempted from default judgment. Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 3931. In connection with their prior motion for default judgment as to Semyon Narosov (*see* ECF No. 499), Plaintiffs provided the Declaration of Adam Sinton in Support of Request for Entry of Default Judgment, in which he states that, to his knowledge, "Defendant Semyon Narosov is not currently in active military service and is not an infant or incompetent person." Sinton Decl. ¶ 6, ECF No. 499-1. Although a similar declaration does not accompany the instant motion, the Court may take judicial notice of its record, and the Declaration of Adam Sinton in Support of Request for Entry of Default Judgment is deemed to also support the instant motion for default judgment.

Additionally, the Court takes judicial notice of the criminal proceedings against Semyon Narosov, as they are a matter of public record. *See U.S. v. Semyon Narosov, Andrew Hillman*, No. 3:18-CR-0475-JJZ. Based on the Court's acceptance of Semyon Narosov's guilty plea (*see* ECF No. 23), and the May 29, 2020 Judgment remitting him to prison for a period of seventy-six (76) months (*see* ECF No. 201), it is evident that Semyon Narosov is not an infant, incompetent person, or person in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 3931.

Accordingly, the Court should find that all prerequisites to entry of default judgment have been satisfied and that Semyon Narosov is not an infant, incompetent person, or person in military service exempted from default judgment.

### C. Default Judgment as to Liability is Procedurally Warranted and Plaintiffs' Pleadings are Sufficient to Establish Liability.

To date, Defendant Semyon Narosov has not responded to or otherwise defended against Plaintiffs' claims as alleged in the Second Amended Complaint. By failing to answer or otherwise respond, he has admitted the well-pleaded allegations of the claims asserted in the Second Amended Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co.,* 515 F.2d at 1206. In addition, on April 16, 2021, Semyon Narosov filed a "[n]otice that he will not contest liability and will only contest damages." *See* Notice, ECF No. 608.

When an action "presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "[W]hen default is entered against one defendant in a multi-defendant case, a court may prefer to withhold granting a default judgment until a decision on the merits against the remaining defendants has been entered." *Metropcs v. PC-Wiz Corp.,* 2017 WL 131696, at *6 (N.D. Tex. Jan. 13, 2017) (Boyle, J.) (citation omitted). This is

9

especially true where, as here, "a default judgment against one of multiple defendants could result in inconsistent or illogical judgments." *Id.* (citation omitted); *see also Beta Health Alliance MD PA v. Mukuro & Assocs. Law Firm, 2010 WL 1685847, at \*2 (N.D. Tex. Apr. 26, 2010)* (Lindsay, J.) (declining to enter default judgment against a defendant who was alleged to have conspired with codefendants against whom claims remained pending).

Because Semyon Narosov is only one of six remaining Defendants in this action, and there is a risk of incongruous judgments, the Court should find an entry of default judgment with respect to damages is not warranted at this time. The Court should delay entering default judgment as to damages against Semyon Narosov until a decision on the merits has been entered with regard to the remaining five Defendants (Cary Rossel, Jeremy Rossel, Amir Mortazavi, Arvin Zeinali, and Yan Narosov).

As to Defendant Semyon Narosov, against whom Plaintiffs move for default judgment, the Court should enter default judgment as to liability with respect to the claims asserted against him based upon the record, evidence, and applicable law. First, entry of default judgment as to liability is procedurally warranted under the *Lindsey* factors. *See Lindsey,* 161 F.3d at 893. There are no material facts at issue, because when a defendant defaults, they admit to the plaintiff's well-pleaded allegations of fact. While the default is technical in nature, Plaintiffs are prejudiced and harmed by the continued delay in this case. The grounds for default are clearly established, and a default judgment with respect to liability would not be unduly

harsh as Defendant has been given notice of the action and had sufficient time to respond. Plaintiffs have not themselves caused the non-response or delay. *See Hunsinger v. 204S6TH LLC*, 2022 WL 1110354, at *3 (N.D. Tex. Mar. 23, 2022) (Ramirez, J.), *rec. adopted*, 2022 WL 1102864 (N.D. Tex. Apr. 13, 2022) (Fish, J.). And, it does not appear likely that the Court would be obliged to set aside the default judgment as to liability upon motion.

Further, the well-pleaded allegations in the Second Amended Complaint establish a sufficient basis for default judgment and, by defaulting, Semyon Narosov has admitted to these well-pleaded allegations. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. Moreover, as previously noted, Semyon Narosov has notified the Court that he does not contest liability. *See* Notice, ECF No. 608.

Accordingly, the Court should find, based on the well-pleaded allegations in the Second Amended Complaint, that Semyon Narosov is liable for fraud (Count 1); conspiracy to commit fraud (Count 2); and violations of RICO, 18 U.S.C. § 1962(c) (Count 12). *See* Second Am. Compl., ECF No. 584.[3]

---

[3] On July 23, 2024, this Court issued its Findings, Conclusions and Recommendation (ECF No. 752), recommending, among other things, that the District Judge grant in part Defendants Cary Rossel and Jeremy Rossel's Motion for Summary Judgment (ECF No. 679) to the extent that Plaintiffs' claims for fraud by nondisclosure and for alleged violations of the Texas Uniform Fraudulent Transfer Act (TUFTA) be dismissed with prejudice. On September 27, 2024, the District Judge overruled Plaintiffs' objections, accepted the undersigned's recommendation, and dismissed with prejudice Plaintiffs' claims for fraud by nondisclosure and for alleged violations of TUFTA. *See* ECF No. 756. Accordingly, the undersigned is recommending entry of default judgment on liability only with respect to those claims that remain after summary judgment.

For the reasons previously stated, however, the Court should decline to enter judgment as to damages until a decision on the merits has been reached with regard to the remaining five Defendants (Cary Rossel, Jeremy Rossel, Amir Mortazavi, Arvin Zeinali, and Yan Narosov).

## Recommendation

For the foregoing reasons, Plaintiffs' Renewed Motion for Default Judgment Against Defendant Semyon Narosov, ECF No. 766, should be **GRANTED** with respect to liability to the extent set forth above and **DENIED** as premature with respect to damages.

**SO RECOMMENDED.**

May 16, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).