IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED HEALTHCARE SERVICES INC. and UNITEDHEALTHCARE INSURANCE COMPANY,** | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:21-CV-1547-L-BT** |
| **CARY ROSSEL,** *et al.*, | § § § | |
| Defendants. | § | |

# ORDER

Pending before the court are the following two matters: Defendant Amir Mortazavi's Objections to the Magistrate Judge's Memorandum Opinion and Order Denying Motion to Stay ("Objections") (Doc. 764); and (2) the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 782), recommending that the undersigned grant Plaintiffs' Renewed Motion for Default Judgment Against Semyon Narosov (Doc. 766) with respect to liability but deny the motion as premature with respect to damages. The court **overrules** Mr. Mortazavi's Objections (Doc. 764); **affirms** the Magistrate Judge's Memorandum Opinion and Order Denying Mr. Mortazavi's Motion to Stay (Doc. 757); **accepts** the magistrate judge's Report (Doc. 782); and **grants in part and denies in part** Plaintiffs' Motion for Default Judgment (Doc. 766).

**I.   Plaintiffs' Motion for Default Judgment (Doc. 766)**

On May 16, 2025, the magistrate judge entered her Report, recommending that Plaintiffs' Motion for Default Judgment (Doc. 766) as to Semyon Narosov be granted with respect to liability and denied as premature with respect to damages. No objections to the Report were filed, and the 14-day deadline to object has expired. Having considered Plaintiffs' Motion for Default Judgment,

Order – Page 1

Plaintiffs' pleadings, the Report, file, and record in this case, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Plaintiffs' Motion for Default Judgment (Doc. 766) against Semyon Narosov with respect to liability only and otherwise **denies** it as premature.

## II.     Mr. Mortazavi's Objections (Doc. 764)

In his Motion to Stay, filed on March 21, 2024, Mr. Mortazavi argued that the criminal case involved identical issues, and he would be prejudiced if the civil case continued to proceed before the trial in his related criminal case. The magistrate judge disagreed and determined that consideration of the relevant factors do not constitute the type of "special circumstances" warranting the requested stay of this action. Doc. 757 at 6-7.

On October 29, 2024, Mr. Mortazavi objected (Doc. 764) to the magistrate judge's denial (Doc. 757) of his opposed Motion to Stay (Doc. 724) the proceedings in this civil action pending resolution of his criminal trial in Case No. 3:24-CR-49-L that is also pending in the Northern District of Texas, Dallas Division.[1] On November 7, 2024, Plaintiffs filed their response to the Objections, to which Mr. Mortazavi replied on November 21, 2024. As the reply (Doc. 774) was filed without first seeking or obtaining leave of court in violation of the court's Standing Order of Reference (Doc. 672) and warning that it would strike any reply briefed filed in violation of this order, the court **declines** to consider the reply in ruling on the Objections and **strikes** it.

---

[1] The Indictment in the criminal trial was filed on February 21, 2024. On April 23, 2024, the trial in the criminal case was reset to October 6, 2025. According to the docket sheet in the criminal case, discovery concluded on June 1, 2024; however, on May 29, 2025, Mr. Mortazavi and his Codefendants filed a Joint Motion to continue the trial to January 2026 or later given the complexity and voluminous discovery in the case. According to the certificate of conference for the Joint Motion, the Government does not oppose continuing the trial as long as the trial is continued as to all Defendants, and all Defendants waive their right to a speedy trial. The district judge presiding over the criminal case has not yet ruled on the Joint Motion.

**Order – Page 2**

### A. The Magistrate Judge's Reasoning

The Fifth Circuit has not articulated or adopted a specific test for determining whether a case should be stayed in its entirety or in part. The magistrate judge identified the following factors, which some courts in this district have considered in deciding whether a stay of a civil case is necessary or warranted:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant[] ha[s] been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Id.* (quoting *Cigna Healthcare of Texas, Inc. v. VCare Health Servs.*, PLLC, No. 3:20-CV-77-D, 2020 WL 1640338, at *2 (N.D. Tex. Apr. 2, 2020)).

Regarding the first factor—extent of the overlap between the criminal and civil cases—the magistrate judge agreed that there is some overlap between the criminal and civil cases against Mr. Mortazavi in that the criminal case involves his alleged payment of kickbacks to physicians to induce referrals of prescriptions to pharmacies, which overlaps with the Pharmacy Kickback Scheme alleged in the civil case. The magistrate judge, however, concluded that there was not enough of an overlap because Plaintiffs are not a party to the criminal case, and the charges in the criminal case do not encompass three other kickback schemes at issue in the civil action. The magistrate judge also noted that Mr. Mortazavi had already been deposed, had already invoked his Fifth Amendment right against self-incrimination with respect to all issues in this civil action, and discovery in this action concluded closed on November 1, 2023, more than five months before he sought a stay. Consequently, the magistrate judge determined that a stay would not protect him from being forced to choose between the risks of incriminating himself by testifying and an adverse inference from his invocation of the Fifth Amendment because he has already made his choice.

Regarding the second factor—status of the criminal proceedings—the magistrate judge agreed that this factor weighs in favor of a stay, but determined that "under the unique circumstances presented, where Mortazavi has already invoked his Fifth Amendment privilege in this civil matter and the criminal case has been reset for trial in October 2025, the weight of this factor is greatly reduced." Doc. 757 at 10.

Regarding the third factor—whether Plaintiffs' private interests in proceeding expeditiously outweigh the prejudice of a delay—the magistrate judge determined that this factor did not weigh in favor of either party because: "While the Court recognizes Plaintiffs' legitimate concern regarding further delay and the risk of dissipation of assets, it must also consider that the trial date in this matter was vacated to allow for resolution of numerous pending motions and has yet to be reset." *Id.* at 12.

Regarding the fourth factor—Mr. Mortazavi's interest in securing a stay—the magistrate judge concluded that this factor was also neutral:

> Given Mortazavi's invocation of his Fifth Amendment privilege in this matter and the fact that discovery has closed, the Court agrees with Plaintiffs that Mortazavi's argument is unpersuasive. In addition, the Court recently ordered Plaintiffs to produce communications with the government about him, if any, following resolution of the motions for summary judgment.

*Id.* at 13 (citing Doc. 728).

With respect to the fifth factor—the court's interest in expeditious resolution of cases—the magistrate judge concluded that this issue was neutral notwithstanding Mr. Mortazavi's argument that a stay would promote judicial economy because: (1) prior resolution of the criminal case may increase settlement prospects in the civil case; and (2) there is a possibility of collateral estoppel or res judicata as to some or all of the overlapping issues in the two cases.

Finally, regarding the sixth factor—the public interest in the just and constitutional resolution of disputes with minimal delay—the magistrate judge again determined that, because

Order – Page 4

Mr. Mortazavi had already invoked the Fifth Amendment and chose to remain silent on every issue in this case, there was no risk to his rights if the civil case proceeds.

### B. Mr. Mortazavi's Objections

In his Objections, Mr. Mortazavi takes issue with the magistrate judge's analysis of the first five factors. With respect to the first factor, he contends that, regardless of whether the issues in the civil case are broader than those in the criminal case, he will still be prejudiced because his criminal defense would be exposed in a civil trial. In addition, he contends that, the magistrate judge's analysis does not account for the parties' agreement to allow Plaintiffs to conduct additional depositions of five persons if his previously filed Motion to Compel Plaintiffs to produce their communications with the Government is granted. Mr. Mortazavi asserts that, if any of these deponents testifies negatively about him, the Government would be able to use this in its criminal case, or, at a minimum, gain insight into his criminal trial defense.

Regarding the second factor, Mr. Mortazavi argues that the magistrate judge's determination—that his exercising his Fifth Amendment rights in the civil case sufficiently minimizes any prejudice he could suffer if the case is not stayed pending resolution of the criminal case—is flawed. For support, he relies on *Walker v. Wilburn*, Civil Action No. 3:13-CV-4896-D, 2015 WL 5873392, *5 (N.D. Tex. Oct 5, 2015), contending that, "[w]ith the exception of a few depositions, discovery has closed in this matter, as it had in the *Walker* case, and because he "can still elect to testify in the civil case (or not), just as in the *Walker* case[,] . . . the same logic applies: the Government should not get a preview of [his] case through a civil trial." Doc. 764 at 7.

Regarding the third factor, Mr. Mortazavi contends that the magistrate judge's denial of his Motion to Stay does not account for Plaintiffs' "willingness to continue the civil case to a date after the criminal trial is resolved if [he] agrees to two conditions: 1) summary judgment motions are complete, and 2) [he] agrees he will not withdraw his assertion of 5th Amendment rights."

Order – Page 5

Doc. 764 at 8. He asserts that "the case's progression has resolved [Plaintiffs'] first condition, and condition two is agreed and simply awaits memorializing." *Id.* Mr. Mortazavi, therefore, argues that this factor is not neutral and instead favors a stay because both parties were aware of and anticipated the possibility that the case could be stayed if he agreed to not withdraw his prior invoking of his constitutional rights under the Fifth Amendment.

Lastly, regarding the factor dealing with his interests, Mr. Mortazavi disagrees that he has no further risk in light of his asserting his Fifth Amendment rights. Although discovery has closed and the magistrate judge noted that she had ordered Plaintiffs to produce communications they had with the Government, Mr. Mortazavi contends that the magistrate judge's analysis fails to consider that, as a defendant in the criminal case, he will not be required to testify, whereas any criminal defense he has would be exposed to the Government in the civil trial.

**C. Discussion**

An order granting or denying a motion to stay is not dispositive or case-ending. Thus, the magistrate judge's denial of Mr. Mortazavi's Motion to Stay the proceedings in this civil action is nondispositive. A magistrate judge's rulings regarding nondispositive matters are reviewed under a clearly erroneous (factual issue) and contrary to law (legal conclusions) standard. 28 U.S.C. § 636(A). A ruling is "clearly erroneous" if, "on the entire evidence [the reviewing court] is left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2008), *abrogated in part on other grounds by United States v. Vasquez*, 899 F.3d 363, 372 (5th Cir. 2018) (quoting *United States. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

"[A] district court may stay a civil proceeding during the pendency of a parallel criminal proceeding." *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (citation omitted). Such a stay, however, contemplates "special circumstances" and the need to avoid "substantial and

Order – Page 6

irreparable prejudice." *Id.* "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). The movant bears the burden of showing that a stay is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Having considered the Motion to Stay, the parties' briefs, the magistrate judge's Memorandum Opinion and Order, and the record, and having conducted a de novo review of the portions of the Memorandum Opinion and Order to which objection was made by Mr. Mortazavi, the court determines that the magistrate judge's denial of the Motion to Stay is not clearly erroneous or contrary to law. Moreover, while the court agrees with the magistrate judge that circumstances in this case do not warrant a stay, it also determines that the fifth and sixth factors weigh against staying this action, and as indicated, Mr. Mortazavi did address the sixth factor—the public interest in the just and constitutional resolution of disputes with minimal delay—in his Objections.

As a preliminary matter, the issues and concerns raised by Mr. Mortazavi's Motion to Stay and Objections appear to be moot. The criminal trial in which he is a defendant is currently scheduled for October 2025, whereas no trial has been set yet in this case. Although the magistrate judge recently notified the court that all pretrial matters, except for those addressed in this order, have been resolved, and the case is ready for trial, it is highly unlikely the undersigned will be able to try this case before 2026 in light of its current civil and criminal trial dockets. This alone seems to obviate Mr. Mortazavi's concern that he will expose his criminal defense if the civil trial occurs before the trial in his criminal case.

Additionally, Mr. Mortazavi's concern—that the remaining agreed upon *potential* depositions of other persons *might* put him at risk—is entirely speculative. Likewise, his blanket assertion that the testimony of these persons, if deposed, could harm his defense in the criminal

Order – Page 7

trial is conclusory and not sufficiently developed. Mr. Mortazavi's delay in seeking to stay the case also undercuts the necessity of a stay,[2] and the district court cases relied on by him are not binding on the undersigned. The court also warned the parties in its scheduling orders (Docs. 638, & 642) that it would not entertain any disputes arising from agreed discovery extensions, and that written notice to the court of such agreed discovery extensions was necessary for the court approval. As no written notice was provided, the court was not aware of the parties' agreement before now.

Further, the court has inherent authority to manage and control its docket to ensure the efficient administration of the cases pending before it and prevent undue delays in the disposition of pending cases. *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (concluding that federal courts have "inherent powers deemed necessary to protect the efficient and orderly administration of justice and those necessary to command respect for the court's orders, judgments, procedures, and authority.") (citation omitted); *Prudhomme v. Tenneco Oil Co.*, 955 F.2d 390, 392 (5th Cir. 1992) ("The district court has broad discretion in the management of its docket and the trial of lawsuits pending before it."). In referring this case for pretrial management to the magistrate judge, it exercised such authority in an effort to get this case back on track.

This case has been pending more than eight years since January 26, 2017. When the case was reassigned to the undersigned court in May 2022, the individual Defendants had already been severed, and the case was set for trial in October 2023. Notwithstanding the litigiousness of the

---

[2] Mr. Mortazavi waited one month after the Indictment in his criminal case was filed before filing his Motion to Stay in this civil case, and he did not seek expedited court review or consideration of the Motion to Stay. As a result, the Motion to Stay was not fully briefed and ripe until April 9, 2024. Moreover, it should not have come as any surprise to Mr. Mortazavi that criminal proceedings were brought against him in light of the similar criminal charges brought against his civil Codefendant Semyon Narosov in January 2016 and conviction in 2020. Additionally, by the time Mr. Mortazavi filed his Motion to Stay, Plaintiffs' summary judgment motion was fully briefed and ripe as of January 19, 2024. Thus, even assuming that Mr. Mortazavi could not have anticipated the filing of the criminal Indictment and charges against him, most of the proceedings in this civil action had already concluded by the time he filed his Motion to Stay, which cuts against granting the stay requested.

**Order – Page 8**

parties in this case, the magistrate judge has done a good job at keeping the case moving forward, and all that remains now is the trial of this case. If the trial of this case is delayed past 2026, there is a significant risk that witness memories may fade and witnesses may no longer be available because, according to Plaintiffs' current pleadings, the alleged illegal conduct giving rise the claims in this action began ten or more years ago.

Accordingly, the court **overrules** the Objections (Doc. 764) and **affirms** the magistrate judge' ruling (Doc. 757). For the reasons stated, even if the Objections are not moot, the court agrees with the magistrate judge that Mr. Mortazavi has not established "special circumstances" and the type of "substantial and irreparable prejudice" required for a stay. *Little Al*, 712 F.2d at 136 (citation omitted).

### III.    Conclusion

For the reasons explained, the court **overrules** Defendant Amir Mortazavi's Objections (Doc. 764); **affirms** the Magistrate Judge's Memorandum Opinion and Order Denying Mr. Mortazavi's Motion to Stay (Doc. 757); and **directs** the clerk of court to make a notation on the docket sheet reflecting that the reply brief filed by Mr. Mortazavi (Doc. 774) in connection with his Objections is "STRICKEN" pursuant to this order and the court's Standing Order of Reference (Doc. 672).

The court also **accepts** the magistrate judge's Report (Doc. 782), and **grants in part** Plaintiffs' Renewed Motion for Default Judgment Against Semyon Narosov (Doc. 766) with respect to liability only and **otherwise denies as premature** this motion with respect to damages.

Further, the court **directs** the parties to file by **June 18, 2025**, a *joint submission* that identifies three separate time periods during three separate months in 2026 *when all parties are available to try this case*. The court normally schedules several trials on its monthly four-week civil trial docket without specifying when any given trial will commence, but given the age of this

Order – Page 9

case,³ it will specially set the trial of this case to ensure that the litigation in this case comes to an end by a certain date, which once set will not be continued absent extraordinary circumstances beyond a party's or attorney's control.

As all that remains is the trial of this case, the court determines that this action should be and is hereby **administratively closed** to prevent it from aging further during this time without any activity and **directs** the United States District Clerk to submit a JS-6 form to the Administrative Office, thereby removing the case from the statistical records. Nothing in this order shall be considered a dismissal or disposition of the case; it is simply administratively closed until the deadline for filing pretrial materials, which deadline will be included in an amended scheduling order after the parties file their joint submission regarding their availability for trial.

It is so ordered this 4th day of June, 2025.

                                              Sam A. Lindsay
                                              United States District Judge

---

³ Federal civil actions that have been pending three or more years are considered "old" for statistical purposes. As indicated, this case has been pending more than eight years and is currently the court's oldest civil case.

**Order – Page 10**